IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES ALLEN BARGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CV 96-N-1261-W |
| | ) | |
| EDMUND (TED) MANGES | ) | |
| SEXTON, SR.; JAMES | ) | |
| TAGGART, JR.; et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

On February 10, 1997, the magistrate judge filed his report and recommendation in the above-styled cause, recommending that the motion for summary judgment filed by the defendants be granted and this action dismissed with prejudice. Thereafter, on February 24, 1997, plaintiff sought an extension of time in which to file an amended complaint, which the magistrate judge granted. Plaintiff filed his amended complaint on March 17, 1997, attempting to add more defendants and assert two additional causes of action. Defendants Sexton and Taggart filed their motion to dismiss the amended complaint on March 21, 1997, which plaintiff moved to strike on March 27, 1997.

It is not clear whether plaintiff intends his amended complaint to serve completely in lieu of the original complaint or merely add to it. Many of the allegations set forth in the original complaint are not repeated in the amended complaint nor is the original complaint expressly referred to by the amended complaint. Nevertheless, a fair reading of the amended complaint leaves the court with the impression that plaintiff intends to add to the original and clarify it rather than substitute the amended complaint entirely for it. The court will deem the amended complaint to be an amendment to the original complaint.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and the amendment to the complaint, the court is of the opinion that the report is due to be, and it hereby is, ADOPTED and the recommendation is ACCEPTED. Moreover, the court finds that the additional allegations raised by the amendment to the complaint, both as to the original defendants and those sought to be added, are due to be dismissed pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1996, as either frivolous or for failing to state a claim for which relief can be granted. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C.

---

[1] Section 1915(e)(2) states:

Notwithstanding any filing fee, or any

2

§ 1915A[2], 42 U.S.C. § 1997e.[3]

---

>     portion thereof, that has been paid, the
>     court shall dismiss the case at any time if
>     the court determines that--
>     (A)   that allegation of poverty is untrue; or
>     (B)   the action or appeal--
>     (I)   is frivolous or malicious;
>     (ii)  fails to state a claim on which relief may be
>           granted; or
>     (iii) seeks monetary relief against a defendant who is
>           immune from such relief. [Emphasis added].

[2]
Newly created § 1915A provides:

>     (a)  Screening.-- The Court shall review,
>          before docketing, if feasible or, in any
>          event, as soon as practicable after
>          docketing, a complaint in a civil action
>          in which a prisoner seeks redress from a
>          governmental entity or officer or
>          employee of a governmental entity.
>     (b)  Grounds for Dismissal.-- On review, the
>          court shall identify cognizable claims or
>          dismiss the complaint, or any portion of
>          the complaint, if the complaint--
>     (1)  is frivolous, malicious, or fails to
>          state a claim upon which relief may be
>          granted; or
>     (2)  seeks monetary relief from a defendant
>          who is immune from such relief. [Emphasis
>          added].

[3]
Newly amended 42 U.S.C. § 1997e now provides:

>     (c)  Dismissal.--The court shall on its own
>          motion or on the motion of a party
>          dismiss any action brought with respect
>          to prison conditions under section 1979
>          of the Revised Statutes of the United
>          States (42 U.S.C. § 1983), or any other

3

As the magistrate judge pointed out, mere threats do not rise to the level of a constitutional tort actionable under § 1983. <u>Bender v. Brumley</u>, 994 F.2d 1151 (5th Cir. 1993), <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979). Retaliating against a prisoner for exercising a constitutional right, however, is actionable. Prison authorities may not subject a prisoner to even the loss of a privilege if the intent is to punish the prisoner for exercising a right such as freedom of speech, to seek redress of grievances, and to have access to the courts. <u>See</u> <u>Wildberger v. Bracknell</u>, 869 F.2d 1467 (11th Cir. 1989). The only <u>act</u> alleged here, however, is the transfer to the Pickens County Jail. The <u>threats</u> to put plaintiff in a cell with gang members, even if made, do not sufficiently punish the exercise of a right to amount to actionable reprisal. Further, plaintiff has not rebutted the affidavit testimony of Sheriff Sexton that he arranged the temporary transfer[4] to the Pickens County Jail because the plaintiff had

---

> Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. [Emphasis added].

[4] The transfer was temporary in the sense that plaintiff was awaiting transfer to the Alabama Department of Corrections to serve a sentence. Thus, regardless of which jail he was in, plaintiff's

4

expressed fear for his health and safety in the Tuscaloosa County Jail. Unrebutted, this evidence establishes that Sheriff Sexton's motivation was not retaliatory, but remedial, attempting to provide plaintiff with a jail environment in which he did not fear for his health and safety. Additionally, there is no evidence that any of the other defendants knew of, suspected, or participated in any illegal motive for the transfer. That decision was made by Sheriff Sexton, and none of the other defendants had any reason to suspect there was anything unlawful about it. Defendants are entitled to summary judgment on this claim.

Plaintiff's attempt to sue Officer Doss for denying him a food tray fails to state a claim for relief. At most, under plaintiff's own allegations, he was denied a tray for about two hours on one occasion. That certainly falls far short of being a deprivation of a serious human need in violation of the Eighth Amendment. The amended complaint fails to state a claim for which relief can be granted against Officer Doss, and it is due to be dismissed under the screening provisions of the Prisoner Litigation Reform Act (PLRA).

Likewise, any attempt to sue the defendants because of the conditions in the Pickens County Jail fails. It is undisputed

---

stay in the Tuscaloosa County Jail or the Pickens County Jail was going to be only until he was moved to a prison facility.

that plaintiff now has been transferred to a state prison facility and, therefore, is no longer exposed to the conditions in the Pickens County Jail, whatever they may be. Moreover, it appears that plaintiff was incarcerated there for only about two months from May to July 1996. While he complains about a number of deficiencies in sanitation, security, and fire protection, it is clear that he suffered no injury or illness due to these conditions.[5] In short, plaintiff's own pleadings fail to show that he was deprived of a serious, basic human need for the short time he was held in the Pickens County Jail. While the jail conditions may have been harsh, nothing suggests that plaintiff was deprived of a basic necessity of life or that he was injured by the conditions that did exist. This claim is due to be dismissed under the screening provisions of the PLRA.

Plaintiff also alleges that Sheriff Sexton violated his Eighth Amendment rights by failing to provide him with mental health treatment, either in the Tuscaloosa County Jail or the

---

[5] At most he alleges that he suffered mental anguish and emotional distress due to the conditions in the jail. Under the PLRA, however, he cannot recover for mere emotional damages without also proving a physical injury. See 42 U.S.C. § 1997e(e), which states:

> Limitation on Recovery.--No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Pickens County Jail. Although he alleges that he has a history of mental illness and even suicidal tendencies that Sheriff Sexton was aware of, there is no allegation or evidence that plaintiff was actually suffering from mental illness during any portion of his incarceration in the county jails. Sheriff Sexton acknowledged that he was personally familiar with plaintiff's history of mental illness; nevertheless, plaintiff neither alleges nor attempts to prove that he was suffering from mental illness at the time of his incarceration. A history of mental illness alone does not establish that at any particular time a prisoner is in need of treatment or that jail officials are aware of the present need for treatment. Without some evidence suggesting that plaintiff was suffering from a treatable mental illness at that time and that Sheriff Sexton was actually aware of the need for treatment, plaintiff's rights under the Eighth Amendment were not violated. This claim is due to be dismissed.

Finally, insofar as plaintiff relies on state-law claims in the amended complaint, the court declines to exercise supplemental jurisdiction over them because of the lack of a substantial federal claim. See 28 U.S.C. § 1367(c)(3). All state law claims are due to be dismissed without prejudice.

By separate order, the court will grant the motion for summary judgment filed by defendants Sexton and Taggart,[6] will grant the motion to dismiss the amended complaint, and will dismiss all other defendants and allegations of the amended complaint under the screening provisions of the Prison Litigation Reform Act. All claims grounded on state law, however, will be dismissed without prejudice.

ORDERED this 1st day of April, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[6] The other defendants named in the original complaint, the Tuscaloosa County Sheriffs Department and the Tuscaloosa County Jail, of course, are not suable entities. See Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992).